## CONDUCT AMOUNTING TO DISCONTINUANCE OF CAUSE.

Circuit Court of Cuyahoga County.

FRANK LYONS V. C. C. McMAHON, CONSTABLE, ET AL.

Decided, January 22, 1912.

*Justice of the Peace—Failure to Call Case Within One Hour of Time Set for Hearing—Discontinuance.*

If the defendant in a justice court action appears at the time mentioned in the summons, and remains for an hour thereafter, and the plaintiff does not appear, whereupon the defendant departs without any action having been taken in the case, the result is a discontinuance of the case, and the justice has no jurisdiction, at some later day, to enter judgment against the defendant.

*F. P. Beers* and *Harry Payer*, for plaintiff in error.
*Stearns, Chamberlain & Royan*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

On August 17, 1911, James Thompson & Bro., a corporation, one of the defendants in this action, began suit against Frank Lyons, the plaintiff here, in the court of William H. Chapman, a justice of the peace in and for Cleveland township, to recover the balance claimed to be due on an account for goods sold and delivered. Summons was duly issued and served upon the defendant in said suit, requiring him to appear at the city hall at the office of said justice of the peace on the 16th day of August, 1911, at 8:30 o'clock A. M., to answer to said suit.

On the day, and at about the hour mentioned in the summons, Lyons went to the office of the justice of the peace, which was not open at the time he arrived, but which was opened a few minutes after 9 o'clock. He had with him the copy of the summons served upon him, which he showed to the clerk; of whom he asked information concerning the case. The clerk, after searching through his files and failing to find any file envelope or other record of the case, and after speaking to the justice himself about it, informed Lyons, in substance, that there seemed to be no such case there against him. Lyons remained in

the court room until after 10 o'clock and during the time he was there no one appeared for the plaintiff, and the case was not called.

The evidence is undisputed that on the 14th of August, two days before the time mentioned in the summons for the defendant to appear, the attorney for the plaintiff in the action had requested a young man, who was acting as assistant to the clerk in the justice's office, to continue the case to September 6th, 1911, and that in compliance with this request, there was written on the file envelope thereof a notation to the effect: ''Continued by consent to Sept. 6, 1911, 9:30 A. M.''

It appears from the transcript of the justice's record that on September 6th, 1911, at 9:30 A. M., the case was called, and the defendant not appearing, judgment for $291.81 and costs was entered against him.

Lyons had no knowledge of the rendition of judgment against him until C. C. McMahon, a constable, the other defendant in this action, acting under an execution issued thereon, levied on his personal property and put a keeper in his place of business.

In this action, which is here on appeal, the plaintiff seeks to have the judgment rendered against him in the justice court declared void and of no effect and the defendants herein perpetually enjoined from enforcing the same.

Section 10246 of the General Code, relating to actions before justices of the peace, provides as follows:

''The parties are entitled to one hour after the time mentioned in the summons for appearance in which to appear, but are not bound to remain longer than that time unless both parties have appeared and the justice, being present, is engaged in the trial of another cause.   In such case he may postpone the time of appearance until the close of such trial.''

If the defendant in a justice court action, then, appears at the time mentioned in the summons, and remains for an hour thereafter, and the plaintiff does not appear and the defendant departs without any action having been taken, the result is a discontinuance of the case, and the justice of the peace has no jurisdiction to enter judgment against the defendant at some later date.

This is the situation presented in the case at bar.   The plaintiff, Lyons, complied with the terms of the statutes, and the judgment rendered against him on September 6, 1911, was rendered without jurisdiction over his person and was absolutely void.

The attempted continuance from the hour mentioned in the summons on August 16th, 1911, to September 6, 1911, was of no effect.   It was not granted on application to the justice of the peace himself, but by one who had no official standing of any kind, nor was it made by consent, as the file envelope and the transcript of the record, uncontradicted, would indicate. While the attempted continuance was undoubtedly made without any intention of deceiving the defendant or of taking any advantage of him, it was done without his knowledge and resulted in a judgment being rendered against him without any opportunity of making a defense.

When Lyons first discovered that a judgment had been rendered against him, the statutory time for taking an appeal had passed, and he was also unable to take advantage of the provisions of Section 10377 of the General Code providing a method of setting aside judgments irregularly rendered before a justice of the peace, because of lapse of time.   There was no other remedy at law to avoid the effect of the judgment, and having pleaded in his amended petition herein that he has a valid defense to the action in which the judgment was rendered, and sustaining this allegation by proof, he is entitled to the equitable relief which he seeks, and a decree is accordingly granted in accordance with the prayer of his amended petition.